IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02084-PSF-CBS

FOUR CORNERS NEPHROLOGY ASSOCIATES, P.C.,
a New Mexico professional corporation; and
MARK F. BEVAN, M.D.,

      Plaintiffs,

v.

MERCY MEDICAL CENTER OF DURANGO, a Colorado not-for-profit corporation,

      Defendant.

## STIPULATED PROTECTIVE ORDER

      To protect the confidentiality of documents and other materials produced during discovery, the parties to this action hereby stipulate and agree that the following Protective Order shall be entered in this matter and shall govern all discovery and proceedings in this action:

### A.  GENERAL PROTECTIVE ORDER

**1.  Designated Material.**

      Most of the material produced during discovery (including exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits and deposition testimony or transcripts) comprises or contains information which constitute trade secrets, confidential non-public information, commercial or proprietary information, competitively sensitive information, financial information

(including financial statements and tax returns) or personnel information.  Therefore, all parties agree that all material produced or disclosed in discovery shall be treated by them as confidential information unless and until they mutually agree to treat such materials otherwise.  Before any public disclosure of any such material, including inclusion of such material in any filing in court, the parties will have the opportunity to review the material to be disclosed and mark that which is appropriate as "CONFIDENTIAL."  Material so marked shall be "Designated Material" and shall be treated in accordance with the provisions of this Stipulated Protective Order.

This Stipulation and Protective Order shall not act to waive any objection by any party raised as to any discovery matter other than one asserting that the materials sought to be discovered constitute confidential or proprietary information.

**2.     Marking and Deposition Procedures.**

A designation as to documents or any other tangible thing produced shall be made by placing an appropriate legend on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing or by notifying all other parties in writing, either before or after production, that certain documents (identified by Bates stamp number) are "CONFIDENTIAL."  Deposition transcripts or portions thereof may be designated as confidential by a party or third-party witness either: (a) before the testimony is taken, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" by the reporter, as the designating party may direct, or (b) by written notice to the reporter and all counsel of record, given within ten (10) business days after either party receives written notice of intent to make

disclosure, in which case counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their or their clients' possession or control as directed by the designating party or witness.  Pending expiration of the ten (10) business days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL."  No person shall attend the designated portions of such depositions unless such person is an authorized recipient of Designated Material under the terms of this Order.  Confidential material which has been produced by either party may be used in the depositions in this case without the necessity of notice and opportunity to designate, provided that such notice and opportunity to designate shall precede any disclosure to persons who are not authorized recipients of Designated Material under the terms of this Order.

**3.  Restriction on Disclosure and Use.**

No person may use or disclose Designated Material or information derived from such material (excluding information which is derived lawfully from an independent source) except for purposes of this action and as set forth in this or any further order of the Court; but nothing contained in this Order shall affect the right of a party or other witness to use or disclose its own Designated Material as it sees fit.  In addition, except as otherwise provided herein, no employee or agent of any receiving party shall be given access to Designated Materials of any producing party, nor shall the contents or substance of any Designated Material be disclosed to any such person.

Other than court personnel, access to the Designated Material marked "CONFIDENTIAL" shall be limited to:

      a.      Counsel of record for the respective parties to this litigation, regular employees of said counsel who are assisting in the prosecution or defense of this litigation, and other lawyers in the firm of said counsel who are assisting in the conduct of this litigation;

      b.      Experts and consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by counsel of record for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation;

      c.      Persons whom counsel of record believe are likely to be called to give testimony on matters directly relating to the Designated Material; and

      d.      Executives, officers or key employees of the respective parties to this litigation (or their designated representatives) who are assisting in the prosecution or defense of this litigation.

The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing such document to any person who appears as the author or as a recipient on the face of the document.

**4.**    **Agreement.**

In no event shall any Designated Material or any papers or information derived directly from the Designated Material be disclosed to any person other than those delineated in this Order and who have agreed to be bound by the terms of this Order (or court personnel), except by order of the Court or by written stipulation of the parties. All persons entitled under this Order to receive Designated Material, except counsel who have signed this Stipulation (and who are bound thereby), shall represent their

willingness to be bound by this Order, on behalf of themselves and the named party for whom they are employed, by completing the appropriate Acknowledgment of Confidentiality Order and Agreement to be Bound, attached hereto as Exhibit A.

**5.    Procedures for Filing Confidential Material.**

Designated Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using it shall cause it to be separately filed under seal with the Clerk of the Court. A copy of the papers submitted for filing to the Court may also be submitted to the judge or magistrate expected to hear the matter, provided that the judge or magistrate is advised of the status of the documents and is requested to handle the papers in a manner consistent with the protection afforded by this Protective Order. All papers which contain Designated Material and are submitted to or filed with the Court shall be submitted or filed in a sealed envelope bearing the following legend clearly written on the face thereof under the name and case number of this litigation:

CONFIDENTIAL -- SUBJECT TO COURT ORDER

The contents of this envelope are subject to a Protective Order entered by the Court in the above-captioned case, shall be treated as confidential and must not be shown to any person except as authorized by an order of the Court.

**6.    Procedure for Modification or Objection to Designation.**

No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the

propriety of such designation. Any party objecting to the designation of any information as "CONFIDENTIAL" must give counsel for the designating party written notice of its reasons for the objection and within five (5) business days of such notice meet and confer with counsel for the designating party in a good faith effort to resolve their differences. Failing resolution within this five (5) business day period, the party objecting may, on duly noticed motion, seek an order changing or removing the designation. The party or other person that designated the material as "CONFIDENTIAL" shall bear the burden of proving that the designation is appropriate.

All parties agree to fully cooperate in good faith in order to resolve discovery disputes in a prompt fashion.

**7.  No Waiver.**

No party to this litigation who treats materials designated by another party as Confidential Information shall be deemed to have conceded that the information actually is confidential.

The taking of, or the failure to take, any action to enforce the provisions of this order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a)  Is or is not relevant, material, or otherwise discoverable;

(b)  Is or is not confidential or proprietary to any party;

(c)  Is or is not entitled to particular protection; or

  (d) Embodies or does not embody trade secrets or confidential or commercial information of any party.

Failure to designate any information in accordance with this Protective Order shall not preclude the producing party or non-party from filing a motion to designate such information. The entry of this Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any party of any obligation to produce information in the course of discovery.

**8.  No Probative Value.**

The fact that information is designated, or is not designated, as confidential information under this Order will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of all parties, the fact that information has been designated as confidential information under this Order will not be admissible during the trial of this action, nor will the jury be advised of this designation. The fact that any information is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information:

  (a) Is or is not relevant, material, or otherwise permissible;

  (b) Is or is not confidential or proprietary to any party;

  (c) Is or is not entitled to particular protection; or

  (d) Embodies or does not embody trade secrets or confidential or commercial information of any party.

**9.     Final Disposition.**

Upon the final disposition of this action, the attorneys for the parties shall return any Designated Material to the party or witness from whom it was obtained or destroy the material, papers filed with the Court, and all copies of such materials and papers, pursuant to the instructions of the designated party, unless otherwise agreed to by the designating party or ordered by the Court. If no instructions are received, all Designated Material may be destroyed 180 days after the conclusion of a final non-appealable judgment or determination. When Designated Material has been destroyed pursuant to this provision, a certificate of destruction shall be prepared and provided to counsel for the opposing party indicating that such material has been destroyed. In addition, upon final disposition of this action, counsel of record shall furnish copies of all signed acknowledgments obtained in accordance with the provisions of paragraphs 4, 8, 10 and 11 above to all other counsel of record. The Court shall maintain the sealed and confidential nature of Designated Material in accordance with the local and federal rules of civil procedure.

**10.    Termination.**

The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

B. QUALIFIED PROTECTIVE ORDER

1.      All information produced or disclosed between the parties in response to discovery requests in this matter which is deemed Protected Health Information as

defined in 45 C.F.R. § 164.501 ("Protected Health Information"), shall be held strictly confidential and treated strictly in accordance with the provisions of this Qualified Protective Order and may be used or disclosed only in conformity with the provisions of this Qualified Protective Order.

    2.    Other than court personnel or as provided below, access to Protected Health Information shall be limited to:

        a.    Counsel of record for the respective parties to this litigation, regular employees of said counsel who are assisting in the prosecution or defense of this litigation, and other lawyers in the firm of said counsel who are assisting in the conduct of this litigation;

        b.    Experts and consultants (including their employees or clerical assistants) who are employed, retained or otherwise consulted by counsel of record for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation;

        c.    Persons whom counsel of record believe are likely to be called to give testimony on matters directly relating to Protected Health Information; and

        d.    Executives, officers or key employees of the respective parties to this litigation (or their designated representatives) who are assisting in the prosecution or defense of this litigation.

Only so much of the Protected Health Information shall be disclosed to persons referred to in paragraphs 2(b), 2(c) and 2(d) as is necessary to the performance of such persons' function relating to the litigation.

3. Protected Health Information shall not be disclosed to any person under paragraphs 32(b), 2(c) and 2(d) unless and until such person has agreed in writing to be bound by the terms of this Protective Order. The requirement of obtaining such written agreement shall be satisfied by obtaining the signature with date thereof of each such person on the Acknowledgment of Confidentiality Order attached as Exhibit A hereto. Counsel shall maintain a list of names, business titles and business addresses of all persons to whom Protected Health Information is disclosed. Upon noticed motion and a showing of good cause, the Court may order such list produced for inspection by other counsel.

4. Protected Health Information may be used in deposition in this action, but the party using it shall so advise the court reporter. A deposition which contains Protected Health Information either in testimony or exhibits, if filed, shall be filed with the Clerk of the Court under seal in the manner provided by paragraph 5.

5. Protected Health Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using it shall cause it to be separately filed under seal with the Clerk of the Court. A copy of the papers submitted for filing to the Court may also be submitted to the judge or magistrate expected to hear the matter, provided that the judge or magistrate is advised of the Protected Health Information status of the reports or their contents and is requested to handle the papers in a manner consistent with the protection afforded by this Protective Order. All papers which contain Protected Health Information and are submitted to or filed with the Court shall be submitted or filed in a sealed envelope bearing the following

legend clearly written on the face thereof under the name and case number of this litigation:

> CONFIDENTIAL -- SUBJECT TO COURT ORDER
>
> The contents of this envelope are subject to a Qualified Protective Order entered by the Court in the above-captioned case, shall be treated as confidential and must not be shown to any person except as authorized by an order of the Court.

6. Protected Health Information may be used in the course of the trial of this action, but to the extent that the transcript or exhibits contain any Protected Health Information, such transcript or exhibits shall be treated as confidential and shall be deemed to be Protected Health Information.

7. No party or nonparty shall make or permit the making of more copies of any Protected Health Information than are reasonably necessary for the conduct of this litigation.

8. Upon the final conclusion of this litigation, all parties and nonparties to whom Protected Health Information or any information contained therein has been disclosed shall without demand, either (a) destroy or (b) return to counsel for the party which originally produced it, all Protected Health Information and all copies thereof and all other papers containing information taken from the Protected Health Information. All recipients of Protected Health Information shall certify in writing to the producing and designating party or parties that they have complied with the provisions of this paragraph.

9. No use of any Protected Health Information by any party or nonparty, except the party or nonparty claiming Protected Health Information treatment, shall

waive the obligations hereunder or the confidentiality of such Protected Health Information or the information contained therein.

10. Upon the final conclusion of this litigation,

    a. any Protected Health Information which has been submitted for identification or into evidence at any hearing or trial in this litigation may be withdrawn by counsel for the party who claimed Protected Health Information treatment; and

    b. the Clerk is authorized to deliver said Protected Health Information to said counsel.

11. This Protective Order shall survive the final conclusion of this litigation and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Protective Order.

12. This Protective Order may be modified or amended by further order of the Court for good cause shown.

Dated:  May 17, 2006                     IT IS SO ORDERED

                                             *s/ Phillip S. Figa*

                                             UNITED STATES DISTRICT
                                             JUDGE PHILLIP S. FIGA

STIPULATED AND AGREED TO:

s/ *Howard Feller*                                         Dated:  May 8th, 2006
For Plaintiffs


s/ *Melvin B. Sabey*                                 Dated: May 8th, 2006
For Defendant

**ACKNOWLEDGMENT OF CONFIDENTIALITY ORDER
REGARDING "CONFIDENTIAL" DOCUMENTS
<u>AND AGREEMENT TO BE BOUND</u>**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in the matter entitled *Four Corners Nephrology Associates, P.C. and Mark F. Bevan, M.D. v. Mercy Medical Center of Durango* in the United States District Court, District of Colorado, case number 05-CV-02084-PSF-CBS, and hereby agree to comply with and be bound by the terms and conditions of said Order, including the Qualified Protective Order contained therein, unless and until modified by further order of this Court.

I further understand and consent that any documents received or reviewed pursuant to the Order are solely for purposes relating to my participation in this proceeding. I will abide by the terms of the Order and understand that failure to do so may subject me to punishment for violation thereof.

I understand and consent to the jurisdiction of this Court with respect to enforcement of the Order.

Dated: _____

_____
[Print Name]

_____
[Title]

_____
_____
[Address]