IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-02084-PSF-CBS

FOUR CORNERS NEPHROLOGY ASSOCIATES, P.C.,
a New Mexico professional corporation; and
MARK F. BEVAN, M.D.,

    Plaintiffs,

v.

MERCY MEDICAL CENTER OF DURANGO, a Colorado not-for-profit corporation,

    Defendant.

## ORDER ON MOTION TO STRIKE

THIS MATTER is before the Court on Plaintiffs' Motion to Strike Defendant's Supplement to Rule 26(a)(1) Disclosures and Discovery Responses (Dkt. # 133), filed on January 29, 2007. The motion is fully briefed and ripe for disposition.

**I.**    **BACKGROUND**

On January 5, 2007 (six months after the close of discovery and the date plaintiff's response to defendants' motion for summary judgment was due), defendant supplemented its Rule 26(a)(1) disclosures to add as individuals with allegedly relevant knowledge four patients or former patients of Plaintiff Bevan, one individual who is the son of a former patient, two physicians who practice in the Four Corners area, and one individual associated with Defendant Mercy. Mercy submitted affidavits signed by these individuals in support of its motion for summary judgment, which is currently pending. The trial in this case, which was originally set for June 2007, has been reset at the parties' request for March 2008. Plaintiffs contend that defendant violated F.R.Civ.P. 26

by failing to disclose these individuals earlier and seek to preclude the named individuals from being called as witnesses at trial.

## II.   ANALYSIS

Rule 26(a)(1) provides in pertinent part that a party must disclose to other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." F.R.Civ.P. 26(a)(1)(A).  Moreover, a party has a duty to supplement these disclosures upon learning that they are incomplete or incorrect.  F.R.Civ.P. 26(e)(1).  The failure to disclose witnesses prior to the close of discovery, which effectively forecloses the opposing party from conducting discovery on the supplemental disclosures, constitutes a violation of Rule 26.  *Owner-Operator Indep. Driver Assoc., Inc. v. USIS Commercial Servs., Inc.*, No. 04-RB-1384, 2006 WL 2331003, at *1 (D. Colo. 2006).

A party who fails to properly make a disclosure in violation of Rule 26 may not use at trial any witnesses or information that was not disclosed, unless the court determines that the failure to disclose was substantially justified or harmless.  F.R.Civ.P. 37(c)(1); *Sender v. Mann*, 225 F.R.D. 645, 655 (D. Colo. 2004).  Rule 37(c) also "vests the court with discretion to impose 'other appropriate sanctions' in addition to or in lieu of an order striking witnesses or evidence not properly disclosed."  *Sender*, 225 F.R.D. at 656. Factors that guide the court's discretion in determining whether a Rule 26(a) violation is substantially justified or harmless are: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the

prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. *Id.*

### A. The Patient Witnesses

Five of the witnesses listed in the supplemental disclosures—Cleo Moats, Anna Lucero, Levi Baker, Doug McCall, and Rod Barker—have been identified by Mercy as impeachment witnesses that need not be disclosed under Rule 26. Mercy has thus stipulated that, should these witnesses be called at trial, they will be called "solely for impeachment." F.R.Civ.P. 26(a)(1). Plaintiffs argue that defendants have incorrectly characterized these individuals as impeachment witnesses, and that it appears they will simply be called to testify as to defendant's version of the facts. Given Mercy's stipulation, Mercy will be permitted to call these witnesses for impeachment purposes regardless of whether they were timely disclosed under Rule 26. Indeed, either party may call any individuals for that limited purpose. To the extent defendant attempts to elicit testimony from these witnesses that does not relate to impeachment, plaintiffs are of course entitled to object.

### B. The Remaining Witnesses

The remaining witnesses on defendant's supplemental disclosures—Dr. Karla Demby, Dr. Megan Lewis, and William K. Willson—are not designated as impeachment witnesses, and defendant thus violated Rule 26 by failing to disclose them prior to the close of discovery. However, as noted above the trial in this case has been rescheduled for March 2008, and there is ample time for these three witnesses to be deposed before trial and before the Court rules on defendant's motion for summary judgment. Thus, there is sufficient opportunity for any prejudice to plaintiffs to be cured,

and allowing these individuals to testify will not disrupt the trial. The Court therefore holds that defendant may call these individuals as witnesses to testify regarding the matters discussed in their affidavits, which were submitted in support of defendant's motion for summary judgment. Plaintiffs are granted the opportunity to depose these three witnesses for up to three hours each and, if they deem it necessary, to supplement their response to defendant's motion for summary judgment based on the testimony elicited during those depositions. In addition, as an appropriate sanction for defendant's failure to comply with the disclosure obligations in Rule 26(a)(1) and 26(e)(1), defendant is ordered to pay the reasonable fees and costs for one attorney representing plaintiffs to participate in the depositions. *See Sender*, 225 F.R.D. at 658.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Strike Defendant's Supplement to Rule 26(a)(1) Disclosures and Discovery Responses (Dkt. # 133) is DENIED. Defendants may call Cleo Moats, Anna Lucero, Levi Baker, Doug McCall, and Rod Barker to testify at trial solely for impeachment purposes. Defendants may call Dr. Karla Demby, Dr. Megan Lewis, and William K. Willson to testify at trial regarding the matters discussed in their affidavits that were submitted in support of defendant's motion for summary judgment. Plaintiffs are permitted to depose these three witnesses on the same subject matter for up to three hours each. The parties shall endeavor to schedule these depositions within 45 days of the date of this Order and shall inform the Court if more time is needed. Defendant shall pay the reasonable fees and costs for one attorney representing plaintiffs to participate in the depositions.

Plaintiffs are also permitted to supplement their response to defendant's motion for summary judgment based on the testimony elicited during the depositions. Plaintiffs shall file such a supplemental response, if any, no later than 30 days after the last deposition is taken. Defendant shall then have 30 days to file a supplemental reply, which shall be limited to responding to the arguments contained in plaintiff's supplemental response.

DATED: June 1, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge