IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FOUR CORNERS NEPHROLOGY ASSOCIATES, P.C.,
and MARK F. BEVAN, M.D.,

    Plaintiffs,

vs.                                                         Civ. No. 05-2084 JP/LFG
                                                        (District of Colorado)

MERCY MEDICAL CENTER OF DURANGO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

On January 29, 2007, Plaintiffs filed Plaintiffs' Motion to Strike Defendant's Supplement to Rule 26(a)(1) Disclosures and Discovery Responses (Doc. No. 133). In that motion, Plaintiffs asserted that the Defendant violated Fed. R. Civ. P. 26 by failing to disclose eight witnesses earlier. Plaintiffs requested that the Honorable United States District Court Judge Phillip S. Figa preclude those individuals from being called as witnesses at trial.

On June 1, 2007, Judge Figa entered an Order on Motion to Strike (Doc. No. 164). Judge Figa allowed Defendant to call five of the individuals at trial solely for impeachment purposes. Judge Figa also granted Plaintiffs the opportunity to depose the remaining three individuals for up to three hours each and to supplement their response to Defendant's motion for summary judgment, if necessary. In addition, Judge Figa stated that "as an appropriate sanction for defendant's failure to comply with the disclosure obligations in Rule 26(a)(1) and 26(e)(1), defendant is ordered to pay the reasonable fees and costs for one attorney representing plaintiffs to participate in the depositions." *Id*. at 4.

Howard Feller, a Plaintiffs' attorney located in Richmond, Virginia, deposed the three new witnesses on August 28, 2007 and August 29, 2007 as well as another witness, George

Sprinkel, for a second time.[1] On October 17, 2007, Plaintiffs submitted to Defendant a bill for attorney's fees and costs totaling $17,972.52 for the depositions of the three new witnesses. That bill included Mr. Feller's deposition preparation time of 12 hours, 5.5 hours of time spent in the depositions, and 13.1 hours spent traveling to and from Durango, Colorado. Mr. Feller's billable hourly rate is $500/hour.[2] Attorney's fees alone totaled $15,300. Costs totaled $2,672.52 for airfare, hotel, meals, car rental, airport parking, and court reporter fees. Plaintiffs again submitted to Defendant a bill for these attorney's fees and costs on July 15, 2008. Defendant did not paid these attorney's fees and costs. Consequently, on August 15, 2008, Plaintiffs filed Plaintiffs' Motion and Memorandum in Support of Motion to Compel Mercy to Comply with Court Order in which Plaintiffs seek an award of the attorney's fees and costs incurred by Plaintiffs for taking the depositions of the three new witnesses.[3]

Defendant contends that since Mr. Feller had to be in Durango anyway to depose Sprinkel, Defendant should not have to pay for Mr. Feller's travel time, airport parking, rental car, and hotel expenses. Defendant further argues that it should pay for only 5.5 hours of actual deposition time of the three new witnesses. Additionally, Defendant asserts that Judge Figa did not order that attorney's fees be paid for deposition preparation time and that the court reporter

---

[1]On May 3, 2007, Judge Figa allowed Mr. Feller to depose Sprinkel a second time. Moreover, Judge Figa denied Mr. Feller's request for an award of attorney's fees and costs for taking Sprinkel's second deposition. *See* Ex. 1 (attached to Response to Plaintiffs' Motion and Memorandum in Support of Motion to Compel Mercy to Comply (Doc. No. 227), filed Sept. 2, 2008).

[2]Plaintiffs do not contest the reasonableness of Mr. Feller's hourly rate of $500/hour.

[3]Plaintiffs also requested in that motion that Defendant pay $4,675 for Plaintiffs' experts' fees and costs. Plaintiffs subsequently agreed not to pursue recovery of those fees and costs at this time.

fees are not associated with Mr. Feller's actual participation in the depositions. In sum, Defendant believes it should pay Plaintiffs only $2,750 for attorney's fees incurred for the actual deposition time of the three new witnesses.

On October 10, 2008, the Court held a telephonic hearing on Plaintiffs' Motion and Memorandum in Support of Motion to Compel Mercy to Comply with Court Order. Mr. Feller represented the Plaintiffs and Peter Sabey represented the Defendant. Having reviewed the briefs and having considered the argument of counsel at the telephonic hearing, the Court determines that Plaintiffs' Motion and Memorandum in Support of Motion to Compel Mercy to Comply with Court Order should be granted in part.

Specifically, the Court concludes that Plaintiffs are not entitled to the attorney's fees associated with Mr. Feller's deposition preparation time. Plaintiffs, however, are entitled to the attorney's fees billed for the actual deposition of the three new witnesses, i.e., 5.5 hours ($2,750.00). Furthermore, Plaintiffs are entitled to 50% of Mr. Feller's fees incurred for travel time ($3,275.00). Finally, Plaintiffs are entitled to the costs associated with the court reporter's fees for the three depositions ($1,077.65) and to three-quarters of the remaining costs ($1,196.15). Defendant must, therefore, pay Plaintiffs a total of $8,298.80 plus applicable gross receipts taxes.

IT IS ORDERED that:

1. Plaintiffs' Motion and Memorandum in Support of Motion to Compel Mercy to Comply with Court Order is granted in part;

2. Defendant must pay Plaintiffs $8,298.80 plus applicable gross receipts taxes by November 1, 2008 for attorney's fees and costs incurred by Plaintiffs for taking depositions of

the

three new witnesses.

_____
SENIOR UNITED STATES DISTRICT JUDGE